UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WISCONSIN

---

BARBARA HOEKSTRA, BRUCE HOEKSTRA,
CHERYL HENRY, AND GLEN HENRY

        Plaintiffs,

    v.

CITY OF BAYFIELD, WISCONSIN,

        Defendant.

Case No. 11-CV-650

---

## FIRST AMENDED COMPLAINT

---

NOW COME the Plaintiffs Barbara Hoekstra, Bruce Hoekstra, Cheryl Henry, and Glen Henry, by their attorneys Thomas C. Kamenick and Richard M. Esenberg of Wisconsin Institute for Law & Liberty, Inc., and as a First Amended Complaint against the Defendant City of Bayfield hereby allege as follows:

1. Plaintiffs Barbara and Bruce Hoekstra, husband and wife, are adult residents of the State of Wisconsin, residing in the City of Bayfield.  They own and operate, as marital property, a bed and breakfast establishment known as Lucy's Place with an address of 120 South 6th Street, Bayfield, Wisconsin 54814.

2. Plaintiffs Cheryl and Glen Henry, husband and wife, are adult residents of the State of Minnesota, residing at 3830 130th Avenue NE, Foley, Minnesota 56329.  They own and operate, as marital property, a bed and breakfast establishment known as the Pilot House with an address of 101 Washington Street, Bayfield, Wisconsin 54814.

3. Defendant City of Bayfield is a Wisconsin municipal corporation, duly incorporated under Chapter 66, Wis. Stats., maintaining its place of business at 125 South First Street, Bayfield, Wisconsin 54814.

4. The causes of action in this case arise under the United States Constitution, and subject matter jurisdiction is therefore proper under 28 U.S.C. §§ 1331 and 1343.

5. A substantial part of the events or omissions giving rise to these claims occurred in Bayfield, Wisconsin, which is within the Western District of Wisconsin; venue is therefore proper under 28 U.S.C. § 1391(b)(2).

6. This action challenges the constitutionality of Bayfield's recent changes to ordinances regulating bed and breakfast establishments, alleging that those changes violate the Commerce Clause, Privileges and Immunities Clause, Equal Protection Clause, and Due Process Clause of the United States Constitution and that they unconstitutionally impinge the Plaintiffs' right to vote. The Plaintiffs ask this Court, pursuant to 28 U.S.C. §§ 2201 and 2202, to declare Bayfield Ordinance 356 unconstitutional and enjoin the Defendant from enforcing it.

7. Bayfield is a small but beautiful city located on the shores of Lake Superior in northern Wisconsin, with a population of around 500 residents. One of its main industries is tourism, attracting visitors from all over the country with its small-town charm, stunning lake vistas, and variety of outdoor activities.

8. At least 7 bed and breakfasts operate in Bayfield to provide lodging for those tourists. Most of these bed and breakfasts operate only during the warmest months of the year, as Bayfield's winters and remote location discourage many tourists.

9. Lucy's Place, the bed and breakfast owned and operated by Plaintiffs Barbara and Bruce Hoekstra, typically has guests only from June 15 through October 15 and over only a handful of weekends throughout the rest of the year.

10. The Hoekstras have been trying to sell Lucy's Place since April, 2010, having listed the property with a realty company. They have seen some interest in the property, but have received no offers to purchase it, as buyers have been scared off by Bayfield's severe regulation of bed and breakfasts.

11. The Pilot House, the bed and breakfast owned and operated by Plaintiffs Cheryl and Glen Henry, is just now finishing its first season, but expects to host guests from late May through mid-October.

12. The Henrys have been trying to sell the Pilot House since September, 2010, having listed the property with a realty company. They have seen some interest in the property, but have received no offers to purchase it, as buyers have been scared off by Bayfield's severe regulation of bed and breakfasts.

13. Wisconsin law defines, licenses, and regulates bed and breakfasts, exempting them from the more stringent health and safety regulations imposed upon other lodging establishments. See Wis. Stat. §§ 254.61, .64, .74; Wis. Admin. Code chs. DHS 195, 197. The Statutes impose restrictions on the scope and operation of bed and breakfasts, requiring a bed and breakfast to provide no more than 8 rooms, be the owner's "personal residence," and be "occupied by the owner at the time of rental," among other restrictions. Wis. Stat. § 254.61(1).

14. Prior to June 6, 2011, Bayfield's ordinances defined a "bed and breakfast" as "[a] building that provides eight or fewer sleeping rooms for transient occupancy for

compensation by transient guests who are traveling for business and pleasure and is the owner's personal residence and occupied by the owner at the time of rental." The ordinances also required that the "owner" who occupied the bed and breakfast own at least a 20% interest in the property. Bayfield Ord. §500-108 (prior to June 6, 2011). A true and accurate copy of Chapter 500 of the Bayfield Ordinances, as it existed prior to June 6, 2011, is attached as Exhibit A.

15. On June 6, 2011, upon recommendation by the Bayfield Planning Commission, the Bayfield Common Council passed Ordinance 356, which made substantial changes to the ownership and operation of bed and breakfasts in Bayfield. A true and accurate copy of Ordinance 356 is attached as Exhibit B.

16. Four out of the seven members of the Bayfield Planning Commission own, or are closely related to those who own, bed and breakfasts or other lodging establishments in or near Bayfield.

17. Two out of the four alderpersons of the Bayfield Common Council own bed and breakfasts or other lodging establishments in Bayfield.

18. The mayor of Bayfield, who cast the tie-breaking vote in favor of Ordinance 356, owns a bed and breakfast in Bayfield.

19. First, Ordinance 356 adopts the definition of a bed and breakfast from Wis. Stat. § 254.61(1), but creates an additional requirement that the bed and breakfast be not just the owner's "personal" residence, but the owner's "personal <u>and principal</u>" residence, in contradiction of state statutory requirements as outlined above (emphasis added).

20. Second, Ordinance 356 defines an "owner" as "an individual who owns at least an undivided one-half interest in the property . . . or at least one-half of the ownership

interest of a limited liability company, corporation, or other legal entity that owns all of the property."

21. Third, Ordinance 356 defines "personal and principal residence" as one that meets all of the following criteria: (1) it qualifies as the "personal residence" of the owner for state licensing purposes; (2) "[t]he owner lives in the establishment at least half of each year;" (3) "the establishment is the owner's voting residence;" and (4) "the address on the owner's driver's license, if any, is that of the establishment." The second, third, and fourth requirements must be established "within 12 months after the commencement of operation of the [bed and breakfast]."

22. Finally, Ordinance 356 requires owners to establish proof of ownership and residency on an annual basis as a condition of renewing a bed and breakfast license.

23. The overall effect of this ordinance is to dramatically restrict who can own and operate a bed and breakfast in Bayfield. The owner must be not only a Wisconsin resident, but a Bayfield resident. The owner must register to vote, and must do so at the address of the Bayfield bed and breakfast. The owner cannot operate a bed and breakfast in Bayfield for the short summer months and another bed and breakfast somewhere warmer the rest of the year. The owner is forced to reside in the bed and breakfast even when no guests are present, and even when the bed and breakfast is not open for business, in order to meet the six-month residency rule.

24. Under the ordinance, a bed and breakfast cannot be owned by a group of three or more people with equal shares in the business, because none would qualify as an "owner" under the ordinance – there must be at least one owner with a fifty-percent-plus

ownership interest to reside in the bed and breakfast. Likewise, a bed and breakfast could not be held in trust and operated by the beneficiaries.

25. Current owners who do not meet the new restrictions can be stripped of their bed and breakfast permits. Bayfield's Planning Commission has the authority to terminate a bed and breakfast permit "for violation of the provisions of [Section 500-41D]," which include the new requirements for proving ownership and residency every year. Bayfield Ord. § 500-41D(8).

26. Current owners cannot effectively and freely transfer their bed and breakfast permit. While technically a bed and breakfast permit may be transferred to a new owner under § 500-41D(9), that permit would be still subject to termination by the Commission if the new owner does not meet the new ownership and residency requirements.

## CLAIMS

### First Cause of Action – Commerce Clause
### U.S. Constitution, Article I, Section 8

27. The preceding paragraphs are hereby incorporated and realleged as if fully stated herein.

28. The Commerce Clause, U.S Constitution, Art. I, § 8, vests the authority to regulate interstate commerce with Congress. As a corollary, the clause also prohibits the individual states (and their political subdivisions) from interfering with interstate commerce. This "dormant" Commerce Clause therefore prohibits municipalities from discriminating against out-of-state companies or individuals in favor of in-state or local companies or individuals.

29. Ordinance 356 requires owners of bed and breakfasts in Bayfield to live in the bed and breakfast at least half of the year and establish the bed and breakfast as their voting residence.

30. Ordinance 356 discriminates against out of state companies and individuals by acting as an outright ban on the residents of any state but Wisconsin owning a bed and breakfast in Bayfield.  By definition, to be a resident of Bayfield, an owner would also have to be a resident of Wisconsin.

31. Under Ordinance 356, out-of-state residents are flatly prohibited from owning and operating a bed and breakfast in Bayfield.  They cannot, for example, retire to Florida and continue to operate a Bayfield bed and breakfast during the summer, even if they are in residence while guests are present.

32. Bayfield is not a market participant in the bed and breakfast industry.

33. This discrimination has not been, and cannot be, justified by a legitimate local purpose that cannot be adequately served by reasonable nondiscriminatory measures.

34. This discrimination has caused injury to the Plaintiffs by reducing the market for their bed and breakfasts.  No potential buyer who does not intend to be a resident of Bayfield and Wisconsin can legally operate that bed and breakfast under Ordinance 356.

35. This discrimination has caused injury to Plaintiffs Cheryl and Glen Henry by prohibiting persons who are not voting residents of Bayfield to own and operate a bed and breakfast and empowering the Bayfield Planning Commission to revoke or deny bed and breakfast permits to such persons.

36. Bayfield's actions violate the Dormant Commerce Clause.

### Second Cause of Action – Privileges and Immunities Clause
### U.S. Constitution, Article IV, Section 2

37. The preceding paragraphs are hereby incorporated and realleged as if fully stated herein.

38. The Privileges and Immunities Clause, U.S. Constitution, Art. IV, § 2, provides that "[t]he citizens of each state shall be entitled to all privileges and immunities of citizens in the several states."

39. Plaintiffs and all those discriminated against by Ordinance 356 have an individual right to pursue a common calling—in this case, running a business of their choosing. The right to pursue a common calling is fundamental to the promotion of interstate harmony.

40. Ordinance 356 denies out-of-state residents the right to pursue the common calling of owning and operating a bed and breakfast establishment in Bayfield.

41. Bayfield has no government interest that outweighs the burden placed on the rights of out-of-state residents to pursue a common calling.

42. This burden has caused injury to the Plaintiffs by reducing the market for their bed and breakfasts. No potential buyer who does not intend to be a resident of Bayfield and Wisconsin can legally operate that bed and breakfast under Ordinance 356.

43. This burden has caused injury to Plaintiffs Cheryl and Glen Henry by prohibiting persons who are not voting residents of Bayfield to own and operate a bed and breakfast and empowering the Bayfield Planning Commission to revoke or deny bed and breakfast permits to such persons.

44. Bayfield's actions violate the Privileges and Immunities Clause.

### Third Cause of Action – Equal Protection Clause
### U.S. Constitution, Fourteenth Amendment

45. The preceding paragraphs are hereby incorporated and realleged as if fully stated herein.

46. The Equal Protection Clause, U.S. Constitution, Amend. XIV, § 1, requires every state to govern impartially, only discriminating among classes of citizens when such discrimination is justified by a government interest.

47. Ordinance 356 creates several unlawful and unjustified classifications. First, it discriminates between Bayfield residents and non-residents (regardless of whether those non-residents are Wisconsin residents). Residents can own and operate bed and breakfasts in Bayfield; non-residents cannot.

48. Bayfield has no government interest that justifies discriminating against non-residents in such a manner.

49. Second, Ordinance 356 discriminates against ownership groups where no person owns a 50% or greater interest in the property and in favor of individual owners and ownership groups where one person does own a 50% or greater interest in the property. In a group where no owner held at least a 50% share, no person would meet the Ordinance's definition of "owner," meaning nobody could meet the Ordinance's residency and ownership requirements.

50. Furthermore, any ownership group with two owners can arrange their ownership interests however they like, because one of the two of them will always have at least a 50% interest. An ownership group of three or more owners is much more limited; it can never be equally owned by the members of the group, and there must always be one member with a 50% or greater interest.

51. Bayfield has no government interest that justifies discriminating against the ownership of bed and breakfasts by groups who have no member owning 50% or more of the property.

52. This discrimination has caused injury to the Plaintiffs by reducing the market for their bed and breakfasts. No potential buyer who does not intend to be a legal voting resident of Bayfield can legally operate that bed and breakfast under Ordinance 356. Furthermore, no potential group of buyers that does not intend to own the bed and

breakfast with one owner having at least a 50% interest can legally operate that bed and breakfast under Ordinance 356.

53. This discrimination has caused injury to Plaintiffs Cheryl and Glen Henry by prohibiting persons who are not voting residents of Bayfield to own and operate a bed and breakfast and empowering the Bayfield Planning Commission to revoke or deny bed and breakfast permits to such persons.

54.

55. Bayfield's actions violate the Equal Protection Clauses.

### Fourth Cause of Action – Right to Vote
### U.S. Constitution, Fourteenth Amendment

56. The preceding paragraphs are hereby incorporated and realleged as if fully stated herein.

57. The Due Process Clause, U.S. Constitution, Amend. XIV, § 1, prohibits states from violating citizens' right to vote.  A state violates the right to vote, not only when it completely withholds the franchise, but also when it places impermissible burdens upon the exercise of the franchise.

58. Ordinance 356 impermissibly burdens owners of bed and breakfasts' right to vote by requiring owners to register to vote in Bayfield, thereby preventing them from voting anywhere else.  Owners are required to establish their legal, voting, residence in Bayfield, regardless of where else they would prefer and be able to register and vote.  Owners are furthermore not given the choice of whether or not to register to vote; they must do so in order to own and operate a bed and breakfast.

59. Bayfield has no government interest that justifies burdening bed and breakfast owners' right to vote.

60. This burden has caused injury to the Plaintiffs by requiring them to register to vote and/or maintain their registration in Bayfield in order to continue operating their bed and breakfasts.

61. This burden has caused injury to the Plaintiffs by reducing the market for their bed and breakfasts.  No potential buyer who does not intend to be a legal voting resident of Bayfield can legally operate that bed and breakfast under Ordinance 356.

62. Bayfield's actions violate the right to vote.

### Fifth Cause of Action – Substantive Due Process
### U.S. Constitution, Fourteenth Amendment

63. The preceding paragraphs are hereby incorporated and realleged as if fully stated herein.

64. The Due Process Clause, U.S. Constitution, Amend. XIV, § 1, also prohibits states from governing in an irrational manner.  The laws a state passes must bear a relationship to the government interest purportedly served by the laws—the degree of relationship necessary varies proportionately with the degree of infringement caused by the laws.

65. Ordinance 356 conditions the ownership and operation of a bed and breakfast within Bayfield to the owner having registered to vote.

66. Registering to vote bears no rational relationship with the ownership and operation of a bed and breakfast.  That relationship is no more rational than requiring driver's license applicants to have eaten cornbread for breakfast before their road tests.

67. This requirement has caused injury to the Plaintiffs by requiring them to register to vote and/or maintain their registration in Bayfield in order to continue operating their bed and breakfasts.

68. This requirement has caused injury to the Plaintiffs by reducing the market for their bed and breakfast. No potential buyer who does not intend to be a legal voting resident of Bayfield can legally operate that bed and breakfast under Ordinance 356.

69. Bayfield's actions violate substantive due process.

WHEREFORE, Plaintiffs request that the Court grant the following relief pursuant to 28 U.S.C. §§ 2201 and 2202:

A. Enter judgment declaring that Ordinance 356 violates Plaintiffs' constitutional rights under the Dormant Commerce Clause, the Privileges and Immunities Clause, the Equal Protection Clauses, and the Due Process Clause of the United States Constitution.

B. Enter an order enjoining Defendants from enforcing Ordinance 356.

C. Grant such other relief as this Court deems just and equitable.

Dated this 12th day of October, 2011.

Respectfully submitted,
WISCONSIN INSTITUTE FOR
LAW & LIBERTY
Attorneys for Plaintiff

/s/ Thomas C. Kamenick

Thomas C. Kamenick
Wisconsin Bar No. 1063682
tom@will-law.org
Richard M. Esenberg
Wisconsin Bar No. 1005622
rick@will-law.org
Wisconsin Institute for Law & Liberty, Inc.
225 E. Mason Street, Suite 300
Milwaukee, WI  53202
(414) 727-9455
(414) 727-6385 (fax)